J-A07013-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| STACEY HANEY, INDIVIDUALLY AND AS PARENT AND NATURAL GUARDIAN OF HARLEY HANEY, A MINOR AND PAIGE HANEY, A MINOR, AND BETH VOYLES AND JOHN VOYLES, HUSBAND AND WIFE, ASHLEY VOYLES, INDIVIDUALLY, LOREN KISKADDEN, INDIVIDUALLY, GRACE KISKADDEN, INDIVIDUALLY, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| RANGE RESOURCES-APPALACHIA, INC., NEW DOMINON CONSTRUCTION, INC., TERRAFIX ENVIRONMENT TECHNOLOGY, INC., SKAPS INDUSTRIES, INC., ENGINEERED SYNTHETIC PRODUCTS, INC., RED OAK WATER TRANSFER NE, LLC, MICROBAC LABORATORIES, INC., MULTI-CHEM GROUP, LLC, UNIVERSAL WELL SERVICES, INC., HALIBURTON ENERGY SERVICES, INC., SAXON DRILLING, L.P., HIGHLAND ENVIRONMENTAL, LLC, EAP INDUSTRIES, INC., AND TEST AMERICA INC. | |
| APPEAL OF: RANGE RESOURCES-APPALACHIA, INC. | No. 1130 WDA 2014 |

Appeal from the Order June 11, 2014
In the Court of Common Pleas of Washington County
Civil Division at No(s): 2012-3534

BEFORE: BENDER, P.J.E., LAZARUS, J., and MUNDY, J.

MEMORANDUM BY BENDER, P.J.E.: **FILED APRIL 14, 2015**

Range Resources – Appalachia, LLC (Range Resources) appeals from

the order of court entered June 11, 2014, granting Appellees' motion to

compel Range Resources' compliance with its discovery obligations. We quash.

Appellees are individuals residing in Amwell Township, Pennsylvania. In May 2012, Appellees commenced this action, claiming personal injuries and property damage from environmental contamination caused by Range Resources in the course of its natural gas operations at the so-called Yeager Drill Site. As this action proceeded to discovery, Appellees sought information regarding all chemicals and/or substances used or brought to the Yeager Drill Site. In response, Range Resources provided citations to Material Safety Data Sheets (MSDS) for products used at the Yeager Drill Site. Range Resources acknowledged that the MSDS did not reveal the proprietary, chemical ingredients of such products, but it suggested that any hazardous proprietary ingredients would have been disclosed in the MSDS.

In November 2013, the trial court issued an order directing all third-party manufacturers of products used at the Yeager Drilling Site to disclose the constituent ingredients of their products.[1] Few third-party manufacturers complied. Thereafter, in February 2014, Appellees filed a motion to compel Range Resources' compliance with the order. According to Appellees, Range Resources was responsible for the site and was best placed to secure the information sought. The trial court agreed. In June 2014, the

_____

[1] The order does not direct any action by Range Resources.

court issued an order expressly placing the burden on Range Resources to secure and provide the desired information, including all proprietary ingredients.

Range Resources timely appealed and filed a court-ordered Pa.R.A.P. 1925(b) statement. The trial court issued a responsive opinion.

Range Resources raises the following issue on appeal:

Whether the lower court violated Pennsylvania public policy and erred in placing a burden on [Range Resources] to secure and produce trade secret or proprietary information from the manufacturers and suppliers of products used or brought to one of [Range Resources'] drill sites, when it has not been established that such proprietary information is relevant and necessary or that any necessity outweighs the potential harm to the owners of the trade secret information.

Range Resources' Appellate Brief at 5.

Preliminarily, we examine our jurisdiction to entertain this appeal.[2] "Generally, discovery orders are deemed interlocutory and not immediately appealable because they do not dispose of the litigation." *Pilchesky v. Gatelli*, 12 A.3d 430, 435 (Pa. Super. 2011) (quoting *Leber v. Stretton*, 928 A.2d 262, 265 (Pa. Super. 2007)); *Makarov v. Lukenda*, 856 A.2d

_____

[2] In August 2014, this Court issued a rule to show cause why this appeal should not be quashed as interlocutory. Range Resources timely responded, claiming its appeal was appropriate pursuant to the collateral order doctrine. *See* Pa.R.A.P. 313. Thereafter, this Court discharged the rule, permitting the appeal to proceed but advising Range Resources that the issue of appealability may be revisited. *See* Order of Court, 08/27/2014, at 1. Appellees maintain that this appeal should be quashed. *See* Appellees' Brief at 1.

163, 164 (Pa. Super. 2004). However, "[a]n appeal may be taken as of right from a collateral order of … a lower court." Pa.R.A.P. 313(a); *see Pilchesky*, 12 A.3d at 437 (granting collateral review of the court-ordered disclosure of the identity of six John Doe defendants, purportedly in violation of their First Amendment rights); *Crum v. Bridgestone/Firestone North American Tire, LLC*, 907 A.2d 578, 584 (Pa. Super. 2006) (granting collateral review of orders denying a motion for a protective order and compelling a tire manufacturer to produce rubber compound formulas claimed to be trade secrets); *Dibble v. Penn State Geisinger Clinic, Inc.*, 806 A.2d 866, 870 (Pa. Super. 2002) (granting collateral review of an order denying a motion seeking to protect an HMO's proprietary trade secrets).

> A collateral order is an order [1] separable from and collateral to the main cause of action where [2] the right involved is too important to be denied review and [3] the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost.

Pa.R.A.P. 313(b). The Pennsylvania Supreme Court has admonished that the collateral order doctrine is narrow. *Melvin v. Doe*, 836 A.2d 42, 46-47 (Pa. 2003). All three factors must be present before an order may be considered collateral. *Id.* at 47; *Pilchesky*, 12 A.3d at 436; *Crum*, 907 A.2d at 583.

We will focus on the second factor. In assessing importance, we "look[] for rights deeply rooted in public policy going beyond the litigation at hand … and measure[] any such interests against the public policy interests

advanced by adherence to the final judgment rule." ***Pridgen v. Parker Hannifin Corp.***, 905 A.2d 422, 431 (Pa. 2006). Here, Range Resources asserts that the right to confidentiality in proprietary business information and trade secrets is too important to be denied review, citing in support ***Dibble***, 806 A.2d at 870. ***See also MarkWest Liberty Midstream & Res., LLC v. Clean Air Council***, 71 A.3d 337, 342 (Pa. Cmwlth. 2013) (citing ***Dibble*** and concluding that a dispute involving a natural gas company's trade secrets and/or confidential business information was sufficiently important to warrant collateral review).

We do not dispute this precedent. However, despite the recognized importance of protecting trade secrets, Range Resources is without standing to seek such protection here.[3]

> In seeking judicial resolution of a controversy, a party must establish as a threshold matter that he has standing to maintain the action. In Pennsylvania, the requirement of standing is prudential in nature. A challenge to the standing of a party to maintain the action raises a question of law. As this Court [has] explained …, the core concept of standing is that a person who is not adversely affected in any way by the matter he seeks to challenge is not aggrieved thereby and has no standing to obtain a judicial resolution of his challenge.

---

[3] The Court may not raise standing *sua sponte*. ***See Rendell v. Pennsylvania State Ethics Comm'n***, 603 Pa. 292, 983 A.2d 708, 717 (2009). Appellees assert that Range Resources is without standing. ***See*** Appellees' Brief at 30-33 (arguing that Range Resources does not have a substantial, direct, and immediate interest in protecting the proprietary and trade secrets of third-parties and is, therefore, without standing).

An individual can demonstrate that he has been aggrieved if he can establish that he has a substantial, direct and immediate interest in the outcome of the litigation.

***Fumo v City of Phila.***, 972 A.2d 487, 496 (Pa. 2009) (citations omitted); ***see also Lujan v. Defenders of Wildlife***, 504 U.S. 555, 560 (1992) (stating that a litigant "must have suffered an 'injury in fact' — an invasion of a legally protected interest which is (a) concrete and particularized … and (b) 'actual or imminent, not 'conjectural' or 'hypothetical'").

Range Resources does not have a recognizable interest in the proprietary information it seeks to protect. To the extent the proprietary, chemical ingredients of products used at the Yeager Drill Site are entitled to protection, the right to assert such protection is held by the manufacturers of those products, not Range Resources. Seemingly, Range Resources recognizes this shortcoming, as it makes no attempt to persuade this Court otherwise. ***See, generally***, Range Resources' Appellate Brief; Reply Brief.[4]

We discern no other right involved, which Range Resources may assert, that would satisfy the importance prong of the collateral order doctrine. The trial court's June 2014 order merely resolves a discovery dispute, *i.e.*, which party is responsible for identifying the constituent

_____

[4] This Court has recognized previously federal precedent suggesting that an appellant has standing to raise certain First Amendment concerns on behalf of others. ***See Pilchesky***, 12 A.3d at 437 n.9 (citing cases). However, such precedent is not relevant here.

ingredients of products used at the Yeager Drill Site. Accordingly, it is interlocutory and not immediately appealable. *Pilchesky*, 12 A.3d at 435; *Makarov*, 856 A.2d at 164. To the extent Range Resources disagrees with the trial court's decision, it may properly appeal following the entry of a final order.[5]

Appeal quashed.

Judge Mundy joins this memorandum.

Judge Lazarus files a concurring memorandum.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/14/2015

_____

[5] The June 2014 order does not identify sanctions resulting from noncompliance. Thus, at this point in the litigation, it is not clear whether Range Resources will incur any sanction should it fail to comply. We, of course, presume that the trial court will consider the circumstances surrounding any noncompliance prior to imposing any sanction.